UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANA RODRIGUEZ

Plaintiff,

v.   CASE No. 8:08-CV-16-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

_____

ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for supplemental security income payments.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.

I.

The plaintiff, who was forty-one years old at the time of the administrative hearing and who has a high school education (Tr. 318), has worked at various jobs, including fitness club attendant and telemarketer (Tr.

---

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 10).

128, 136). She filed a claim for supplemental security income payments, alleging that she became disabled due to pain in her shoulders and neck (Tr. 127). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "post-traumatic cervical spinal arthralgia, with sprain, congenital fused and degenerative components, with acromioclavicular tendonitis" (Tr. 18). The law judge determined that, despite these impairments, the plaintiff could perform light work. Specifically, the law judge concluded that the plaintiff can lift twenty pounds occasionally and ten pounds frequently (id.). He found that she is able to sit, stand, and walk for six hours per eight-hour workday and could occasionally crouch, crawl, balance, stoop, kneel, and climb with normal dominant left hand or arm use (id.). The law judge ruled that the plaintiff's impairments did not prevent her from returning to prior employment as a telephone saleswoman and a locker room attendant (Tr. 21). The law judge therefore decided that the plaintiff was not disabled. The Appeals Council let that decision stand as the final decision of the Commissioner.

II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact

made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on two grounds. Neither has merit.

The plaintiff argues, first, that the law judge erred in disregarding the opinion of Dr. Gary Levine (Doc. 11, pp. 4-5). The plaintiff went to see Dr. Levine on three occasions in January and February 2007. Dr. Levine diagnosed the plaintiff with degenerative disc disease, chronic back pain, migraines, and other impairments (Tr. 293). On February 5, 2007 – the plaintiff's third visit – Dr. Levine filled out a residual functional capacity form given to him by the plaintiff in which he opined that she was essentially incapacitated (Tr. 274-81).

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not according them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is

conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The law judge appropriately evaluated the opinion from Dr. Levine. Thus, the law judge stated (Tr. 18-19):

> On February 5, 2007, Dr. Gary Levine wrote that the claimant is relegated to what amounts to "less than sedentary" work, with a restriction to under [ten] pounds of lifting, under an hour of walking, standing and sitting each, with a need for more than 3 absences per month and numerous postural/environmental restrictions marked off (Exhibit 11F). However, sections 404.1527 of Regulations No. 4 and 416.927 of Regulations No. 16 provide that the medical findings and other evidence must be considered in order to determine if, and to what extent, such opinion is supported thereby. The Administrative Law Judge is the ultimate arbiter of work capacity for Social Security purposes, in view of specific definitions used therein. A physician's opinion or conclusion is not controlling in the absence of supporting evidence such as clinical or laboratory findings or other medically acceptable evidence. While an assertion based on symptoms can be evaluated, it cannot receive the weight of one backed by objective records. In this case, the opinion was unique, rendered by a non-specialist, who saw the claimant on just several occasions in 2007, and who is not qualified to discuss her capacity before the several months of the current year, despite his tracing her problems to before 2003.)[sic] The

extreme restrictions marked off, little backed by other reports, raise questions as to the care with which the form was filled out. Ultimately, the following evidence fails to substantiate his claims, and must take precedence over the generalized statements.

The law judge then went on to state in detail the medical evidence that contradicts Dr. Levine's opinion (Tr. 19). That summary of the evidence is set forth because it cogently and persuasively supports the two determinations that are being challenged (id.)(emphasis in original):

> Early records a decade ago reveal that Ms. Rodriguez related jumping out of a car five years earlier and developing upper backache. At that time and in 2003, radiography revealed that she had been born with a fused neck vertebra at C 3-4, as well as C 2-3, C 4-5, and C 6-7 stenosis [Exhibits 1F, 3F & 6F]. She complained of migraines in the late 1990's, and shoulder pain lately, the latter ascribed to tendonitis, spasm and strain [Exhibits 2F, 4F & 5F]. She was in the emergency room for her upper backache several times in 2003 [Exhibits 4F-6F].
>
> The findings themselves show that the claimant's spinal impediment should not preclude lifting twenty pounds, standing, walking and sitting for a full six-eight hours in an eight hour work day: The claimant lacks true disc herniation, by all tests. Except for mild degenerative changes common with normal aging, she mainly has signs of soft

tissue strain. The degeneration and canal narrowing are at worst mild. There is no dangerous osteopenia, overlap, immobilizing scoliosis, infection, malignancy, diagnosed cauda equina syndrome, or tailbone damage (fracture) that could prevent sitting without pain. The lower spine is not afflicted, so that standing, sitting and walking are unimpaired on that basis. In this case, the MRI evidence of stenosis is not as crucial for Social Security work determination as the lack of accompanying clinical signs and symptoms here:[sic] As to clinical effects, range of motion is often adequate, or just slightly limited. In fact, the consultative physicians, Drs. Adam Greenfield on December 5, 2003 and Navit U. Patel, M.D., on October 11, 2006, found very little of note. They observed good arm strength for fine dexterity, lifting, pushing or pulling, despite a (mild) left fourth finger contracture noted on the second assessment [*e.g.*, Exhibits 4F, 7F, 10F]. Clinicians did not state that she would suffer paralysis with "light" exertion, which activity in fact was encouraged in the form of physical therapy. She has never needed surgery. Her lower limbs are not independently injured, so she can ambulate and lift without further impediment. In short, even the predominant spinal/neck infirmity would allow for "light" duties (20 CFR 404.1567(c) & 416.967(c)).

The evidence thus establishes that Dr. Levine's extravagant and conclusory opinion is clearly out of line with the other medical evidence.

Consequently, the law judge provided good cause for discounting Dr. Levine's opinion.

Moreover, the plaintiff has made no attempt by citation to the record to show that the law judge's determination was erroneous. The plaintiff was warned in the scheduling Order that she had to "identify with particularity the discrete grounds upon which the administrative decision is being challenged," that the grounds "must be supported by citations to the record of the pertinent facts," and that the failure to do so could cause her argument to be disregarded (Doc. 8, p. 2). The absence of any citation to the facts in the record is therefore a sufficient basis to reject this contention. In all events, an unsupported contention certainly cannot compel the conclusion that the law judge erred in discounting Dr. Levine's opinion. Adefemi v. Ashcroft, supra, 386 F.3d at 1027.

The plaintiff contends, in addition, that the law judge erred in his assessment of the plaintiff's credibility (Doc. 11, pp. 6-7). As indicated, this argument also lacks merit.

The Eleventh Circuit has articulated a standard for assessing allegations of pain and other subjective complaints. As the court of appeals

explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge concludes that there is an objectively determined medical condition which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge acknowledged the pertinent standards for assessing the plaintiff's credibility (Tr. 19-20). See Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). Moreover, the law judge explained his credibility determination as follows (Tr. 20-21)(emphasis in original):

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible:[sic]

At the hearing, the applicant related experiencing backache down to hand and shoulder pain, with upper and lower involvement (lumbalgia and migraine), aggravated by exertion or staying in one position. She said that she has numb feet, and falls down. She related waking up at night to use the washroom 3-4 times. She mentioned dropping items from comparable hand parethesia. For treatment, she has taken Neurontin and Motrin. Nevertheless, she was not completely believable. She described a few side effects, but was able to change the offending medication's dosage. In regard to treatment, she has had markedly little drastic intervention, such as surgery or even analgesic blocks. She has been inconsistent in regard to her back pains, since there is virtually nothing regarding *lower* body anomalies, and nothing to suggest that she in fact has fallen and hurt herself to the point of seeking medical attention. Some physicians noted discrepancies, in that she appeared in no acute distress and had better range of motion than she professed [Exhibit 10F]. The claimant did not appear in gross medical/physical stress at the hearing, insofar as lay observation could indicate. She did not present supportive testimony at the hearing from lay witnesses. Her reason for stopping telemarketing after 4-6 weeks is unclear, but at least one of her past employment may have ended when she moved to Florida from Michigan in 2003. Work motivation seems spotty, with multiple jobs. At home, she does some chores and driving consistent with light work (ambulation, use of the arms), including locker room laundry. The multiple work activities after the injury more than fifteen years

> ago suggest motivation, but also indicate a capacity
> to continue the work for many years thereafter.
> There is no specific reason to find that the inborn
> problem is any more a restriction than it was when
> she did her aforementioned jobs. This is generally
> a case where the claimant and her current
> physician's complaints far outweigh findings or
> treatment history. Accordingly, the claimant's
> veracity is not fully established, and should not
> preclude the physical/mental exertion described
> above, even if she needs to avoid medium lifting,
> based on symptoms alone.

This finding is explicit and adequate to discredit the plaintiff's subjective complaints. See Heppell-Libsansky v. Commissioner of Social Security, 2006 WL 622745 at *5 (11th Cir. 2006)(unpub. op.).

Notably, the law judge did not totally reject the plaintiff's subjective complaints (Tr. 18-21). Rather, he concluded that they limit her to light work (Tr. 18). He only rejected the plaintiff's allegation that her subjective complaints render her totally disabled (Tr. 19). As indicated, the law judge adequately and reasonably explained that determination.

Moreover, the plaintiff, again in violation of the scheduling Order, did not cite to any facts in the record in support of the contention that the law judge's credibility determination was erroneous. Under these

circumstances, the plaintiff has clearly failed to show that the evidence compels the conclusion that the credibility determination should be overturned.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 3rd day of March, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE